**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re :
 : Chapter 7
SIZMEK INC., *et al.* :
 : Case No. 19-10971 (DSJ)
                          Debtors. :
---------------------------------------------------------------x (Joint Administered)
NITEL, INC., :
 :
                          Plaintiff, :
 :
v. : Adv. Proc. No. 21-01160 (DSJ)
 :
CERBERUS BUSINESS FINANCE, LLC, and :
PEPI CAPITAL, L.P., : Civil Case No. 1:21-CV-05996
 : (VEC)
 :
                        Defendants. :
---------------------------------------------------------------x

**REPLY MEMORANDUM IN SUPPORT OF MOTION**
**TO WITHDRAW ADVERSARY PROCEEDING UNDER 28 U.S.C. § 157(d)**

                          SCHULTE ROTH & ZABEL LLP

                          Michael L. Cook
                          Andrew D. Gladstein
                          William H. Gussman, Jr.
                          919 Third Avenue
                          New York, New York 10022
                          Telephone (212) 756-2000
                          Facsimile (212) 593-5955

                          *Attorneys for Defendants Cerberus Business*
                          *Finance, LLC and PEPI Capital, L.P.*

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

SUMMARY OF REPLY ...............................................................................................................2

I. NITEL ADVOCATES AN IMPOSITION ON JUDICIAL RESOURCES.............................2

    A.    This Court Can Easily Dispose of This State Law Third-Party Dispute. ................2

    B.    This Court Has Jurisdiction Over the Getty and Nitel Actions. ..............................3

    C.    The Bankruptcy Estate Has No Interest in the Outcome of this Third-Party Dispute. ......................................................................................................................5

    D.    The Second Circuit Emphasizes Judicial Economy In Deciding Withdrawal Motions ..................................................................................................................6

II. NITEL FAILS TO REBUT THE ARGUMENTS FAVORING WITHDRAWAL ..................7

    A.    Nitel's Non-Core Claims.........................................................................................7

    B.    Nitel's Forum Shopping .........................................................................................7

    C.    Cerberus's right to a jury trial ................................................................................8

CONCLUSION................................................................................................................................9

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                      Page(s)

In re 131 Liquidating Corp.,
   222 B.R. 209 (S.D.N.Y. 1998)......................................................................................9

In re Ames Dep't Stores, Inc.
   190 B.R. 157 (S.D.N.Y. 1995).......................................................................................9

In re Auto. Pros., Inc.,
   389 B.R. 621 (N.D. Ill. 2008) ........................................................................................8

Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC,
   692 F.3d 42, 49 (2d Cir. 2012) ......................................................................................4

Bennett v. Mich. Dep't of Corr.,
   No. 15-cv-14465,
   2017 WL 4230645 (E.D. Mich. Sept. 25, 2017)............................................................4

In re Burger Boys, Inc.,
   94 F.3d 755 (2d Cir. 1996)........................................................................................6, 7

CDX Liquidating Tr. v. Venrock Assocs.,
   No. 04 C 7236,
   2007 WL 1673403 (N.D. Ill. June 4, 2007) ...................................................................8

In re CIS Corp.,
   172 B.R. 748 (S.D.N.Y. 1994).................................................................................8, 9

Curtis v. Loether,
   415 U.S. 189 (1974).......................................................................................................8

Filipowski v. Rogovin,
   No. 00 CV 0813,
   2000 WL 983727 (N.D. Ill. July 17, 2000)....................................................................3

In re Formica Corp.,
   305 B.R. 147 (S.D.N.Y. 2004).......................................................................................9

Gary Friedrich Enters., LLC v. Marvel Enters., Inc.,
   713 F. Supp. 2d 215 (S.D.N.Y. 2010)...........................................................................3

Gucci by Armstrong v. Gucci,
   No. 96 Civ. 8216 (JSR),
   1997 WL 122838 (S.D.N.Y. Mar. 17, 1997) .................................................................9

In re Kenai Corp.,
    136 B.R. 59 (S.D.N.Y. 1992) ........................................................................................... 9

LHC, LLC v. Club Sporting Consulting Grp., Inc.,
    Nos. 14 C 9703, 14 C 10105,
    2015 WL 4158703 (N.D. Ill. July 8, 2015) ..................................................................... 8

In re McCrory Corp.,
    160 B.R. 502 (S.D.N.Y. 1993) ......................................................................................... 9

Myun-Uk Choi v. Tower Rsch. Cap. LLC,
    165 F. Supp. 3d 42 (S.D.N.Y. 2016) ............................................................................... 3

In re Orion Pictures Corp.,
    4 F.3d 1095 (2d Cir. 1993) ......................................................................................... 6, 7

Ross v. Bernhard,
    396 U.S. 531 (1970) ....................................................................................................... 8

Starr Int'l Co. v. Am. Int'l Grp.,
    623 F. Supp. 2d 497 (S.D.N.Y. 2009) ............................................................................ 8

Telewizja Polska USA, Inc. v. Echostar Satellite Corp.,
    No. 02 C 3293,
    2005 WL 2405797 (N.D. Ill. Sept. 28, 2005) ................................................................. 8

In re W. Dist. Xerox Litig.,
    850 F. Supp. 1079 (W.D.N.Y. 1994) .............................................................................. 4

**Statutes**

28 U.S.C. § 157(d) ................................................................................................................ 1, 3, 9

28 U.S.C. § 1332(a)(1) .................................................................................................................. 4

28 U.S.C. § 1334(b) .................................................................................................................. 3, 4

**Federal Rules**

Fed. R. Civ. P. 42(a) .................................................................................................................. 1, 3

Defendants Cerberus Business Finance, LLC, and PEPI Capital, L.P. (collectively, "Cerberus"), submit this reply memorandum in support of their motion, dated July 13, 2021 (the "Motion"), to withdraw from the bankruptcy court the above-captioned adversary proceeding under 28 U.S.C. § 157(d). Because Judge Daniels on August 10, 2021, dismissed (without prejudice) the related and similar claim against Cerberus, Cerberus suspends that part of the Motion seeking to consolidate this action under Fed. R. Civ. P. 42(a) with the action pending before Judge Daniels entitled <u>Getty Images (US), Inc. v. Bronstein et al.</u>, Case No. 1:19-cv-09804 (GBD) (the "Getty Action").[1]  Cerberus also replies to the opposition to withdrawal filed by plaintiff Nitel, Inc. ("Nitel") on August 2, 2021.

## PRELIMINARY STATEMENT

Nitel essentially ignores or distorts key facts in its opposition. For unknown reasons, Nitel wants the bankruptcy court to rule on a non-bankruptcy issue—Cerberus's non-participation in the commingling of tenant security deposits ("Security Deposits") by the debtor, Sizmek DSP, Inc. ("Sizmek" or the "Debtor"). Judge Daniels has already granted Cerberus's motion to dismiss the third-party complaint against it in the Getty Action, which predates this action by two years (Ex. 3)[2] and arises out of the same legal and factual context.

That the Getty Action was brought and remains in the District Court is telling. That action turns on the Debtor's pre-bankruptcy commingling and conversion of a tenant's security deposit. Nitel's conversion action in the bankruptcy court turns on the same issue but is directed against Cerberus, <u>not</u> the Debtor. Despite Nitel's strained, superficial attempts to distinguish its later bankruptcy court action from the Getty Action, Nitel ignores binding Second Circuit

---

[1] Cerberus reserves its right to renew its motion to consolidate this action with the Getty Action should an amended complaint be filed against Cerberus in the Getty Action.
[2] "Ex." refers to exhibits to the Declaration of Michael L. Cook dated July 12, 2021 (ECF No. 1-2) for Exs. 1-7, and to exhibits to the accompanying Reply Declaration of Michael L. Cook dated July 26, 2021, for Ex. 8.

1

precedent on the criteria for withdrawal.  Most important, Nitel ignores the practical limits on judicial resources, pressing for a bankruptcy judge to hear a non-bankruptcy third-party dispute when the Debtor is not a party and has no interest in the dispute's outcome.

## SUMMARY OF REPLY

The following is a quick summary of the reply to Nitel's fallacious arguments:

| | Nitel | | Cerberus's Reply |
|---|---|---|---|
| 1. | <u>Getty Action</u>:  different state law; different claims; unrelated facts. | 1. | <u>Wrong</u>:  Substantive state laws are identical; commingling and conversion of trust funds by Debtor is the common overarching fact; labels meaningless. |
| 2. | Nitel could not sue Cerberus in SDNY—no forum shopping; automatic reference to bankruptcy court; Nitel unaware of <u>Getty</u> Action. | 2. | <u>Wrong</u>: diversity jurisdiction in district court; <u>no</u> automatic reference of diversity case to bankruptcy court; no probative evidence from Nitel as to asserted ignorance of <u>Getty</u> Action. |
| 3. | Nitel's claims against debtor in bankruptcy court "overlap with" Nitel claims against Cerberus. | 3. | But Cerberus an afterthought defendant (sued two years later); Debtor the real defendant; its bankruptcy trustee has no interest in suing Cerberus.  Nitel wants recovery for itself.  No related litigation in bankruptcy court. |
| 4. | "Non-core status" does not "alone" merit withdrawal; Nitel claim related to bankruptcy case. | 4. | Non-core status most important of many other reasons for withdrawal; Nitel claim against Cerberus has no effect on bankruptcy estate; third-party dispute; recovery would go to Nitel; no exclusive bankruptcy jurisdiction. |
| 5. | Jury trial right not shown. | 5. | New York law permits jury trial.  Plus, district courts have withdrawn suits in similar non-core actions already pending in district court. |
| 6. | Withdrawal <u>premature</u>:  suit may never reach trial stage. | 6. | Speculative. |

## I. <u>NITEL ADVOCATES AN IMPOSITION ON JUDICIAL RESOURCES</u>

### A. <u>This Court Can Easily Dispose of This State Law Third-Party Dispute</u>

The commingling and conversion of a third-party tenant security deposit is the overarching issue in both the <u>Getty</u> and Nitel actions, despite Nitel's misleading attempt to

2

distinguish the two.  See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Order Withdrawing Adversary Proceeding under 28 U.S.C. § 157(d) and Consolidation with Action Pending Under Fed. R. Civ. P. 42(a) ("Opposition" or "Opp'n"), at 9-10.  In the Getty Action, Getty seeks to hold the Debtor's officers liable for the commingling and conversion of security deposits—just as Nitel, a non-debtor, seeks to hold Cerberus, a non-debtor, liable for conversion in the bankruptcy court.  Although Nitel claims that the applicable substantive law is different (see Opp'n at 10), New York law, applicable in the Getty Action, is identical to Illinois law, applicable in the Nitel action, with respect to conversion and unjust enrichment.  Gary Friedrich Enters., LLC v. Marvel Enters., Inc., 713 F. Supp. 2d 215, 230 (S.D.N.Y. 2010) ("Because there is no material difference between New York and Illinois conversion law, there is no conflict of law issue on that claim."); Filipowski v. Rogovin, No. 00 CV 0813, 2000 WL 983727, at *2 (N.D. Ill. July 17, 2000) ("Under both Illinois and New York law, the basic elements of a conversion claim are the defendant's unauthorized and wrongful control of property that rightfully belongs to the plaintiff."); Myun-Uk Choi v. Tower Rsch. Cap. LLC, 165 F. Supp. 3d 42, 50 (S.D.N.Y. 2016) ("The elements of an unjust enrichment claim are in essence the same under both New York and Illinois law.").

    B.  This Court Has Jurisdiction Over the Nitel Action

        Nitel mistakenly claims that it "could not have brought its claims against [Cerberus] in the first instance in the District Court" because "those claims would [be] automatically referred to the Bankruptcy Court."  Opp'n at 7.  Nitel's argument is premised on bankruptcy court jurisdiction under the Judicial Code, 28 U.S.C. § 1334(b) ("…the district courts shall have original but not exclusive jurisdiction of all civil proceedings…related to cases under [the Bankruptcy Code]") (emphasis added).  Aside from the Judicial Code's expressly providing that bankruptcy

3

courts lack "exclusive jurisdiction," Nitel conveniently ignores 28 U.S.C. § 1332(a)(1), providing diversity of citizenship as this Court's basis for federal jurisdiction. Ex. 3, ¶ 6.

Nitel's complaint itself admits the parties' diversity of citizenship:

"1. Nitel is an Illinois corporation headquartered in Chicago, Illinois.

2. Cerberus is a Delaware limited liability company headquartered in New York, New York.

3. PEPI Capital is a Delaware limited partnership headquartered in Dallas, Texas."

Ex.1, ¶¶ 1-3. In short, because of diversity jurisdiction, there would have been no "automatic" reference of the Nitel action to the bankruptcy court if Nitel had filed its complaint in this Court, contrary to what Nitel claims. See Opp'n at 7.[3]

Nitel has further confirmed that its claims against Cerberus are "non-core." See Opp'n at 7 ("...Nitel's claims are non-core."). Because 28 U.S.C. § 1334(b) does not give bankruptcy courts exclusive jurisdiction over non-core claims, Nitel could easily have sued Cerberus in this Court. Although Nitel claims that it "had no knowledge of the pendency of the Getty Action" (Opp'n at 6), it failed to support that factual assertion with the affidavit of a competent witness. A lawyer's self-serving fact assertion in a brief is hardly competent or probative evidence. See Bennett v. Mich. Dep't of Corr., No. 15-cv-14465, 2017 WL 4230645, at *2 (E.D. Mich. Sept. 25, 2017) (finding attorney affidavit submitted in opposition to motion to dismiss could not prevent dismissal because "counsel's affidavit—relaying [client's] unsworn hearsay statement—is not competent evidence of what happened to [client]" and "counsel has not offered any reason as to why she could not obtain an affidavit from [client]."); In re W. Dist. Xerox

---

[3] Although LLCs and LPs take the citizenship of their members (*see Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)), Nitel has not (because it cannot) make any showing that such an analysis would result in diversity jurisdiction being destroyed.

Litig., 850 F. Supp. 1079, 1088 (W.D.N.Y. 1994) ("An attorney's affidavit about matters about which she has no personal knowledge cannot raise a material issue of fact."). In any event, Nitel now knows of the substantially similar Getty Action pending before Judge Daniels. Its resistance to having the Security Deposit issue resolved in this Court, therefore, is baffling.

    C.  <u>The Bankruptcy Estate Has No Interest in the Outcome of this Third-Party Dispute</u>

        Neither the Debtor nor the trustee of its bankruptcy estate has any interest in the outcome of this third-party dispute (Nitel against Cerberus), a fact ignored by Nitel. Nitel's complaint, however, shows why the commingled Security Deposit and this third-party dispute are of no economic interest to the Debtor or its bankruptcy trustee: "the Security Deposit . . . was not the Debtor's property" and "Nitel has an immediate right to possession of the Security Deposit . . . ." Ex. 1, ¶¶ 17-21. Put simply, Nitel's stated objective is the recovery of the Security Deposit for itself.

        Nitel notes that it filed a Request For Payment of Administrative Claim in the bankruptcy case on August 30, 2020 and a Proof of Claim shortly thereafter based on the Debtor's commingling of the Security Deposit. Opp'n at 3-4. But Nitel is silent as to what action, if any, either the bankruptcy court or the bankruptcy trustee has taken with respect to those two filings, each two years old. See Exhibits 2-3 (ECF Nos. 5-4 through 5-7) to Declaration of John C. Cannizzaro dated August 2, 2021 (ECF No. 5-1). The trustee for the Debtor's estate, who would presumably defend against Nitel's claims, has not sought to add Cerberus to that litigation. In fact, it appears from the docket in the bankruptcy case that there has been <u>no</u> activity whatsoever with respect to Nitel's bankruptcy court filings. Decl. of Michael L. Cook dated August 26, 2021, ¶ 3. Thus, the only activity relating to the Security Deposit was before Judge Daniels, who granted

5

Cerberus's motion to dismiss it from the Getty Action.[4] In short, Nitel's unrelated state law claims against Cerberus arose outside the bankruptcy context; arose prior to bankruptcy; have nothing to do with the pending bankruptcy case; and could easily have been asserted in this Court.

D. The Second Circuit Stresses Judicial Economy In Deciding Withdrawal Motions

Finally, Nitel ignores binding Second Circuit authority counseling district courts to withdraw a bankruptcy court reference when doing so would conserve judicial resources. In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993) ("Thus once a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."); In re Burger Boys, Inc., 94 F.3d 755, 762 (2d Cir. 1996) (cause for withdrawal of the reference includes the following: "whether the claim is core or non-core"; whether judicial economy would be best served; whether withdrawal would prevent forum shopping; whether the ruling would best promote uniformity in the administration of bankruptcy law; whether withdrawal would foster economical use of "judicial resources"; and whether the parties are entitled to a jury trial).

Admitting that its claim against Cerberus is non-core (see Opp'n at 7), Nitel fails to address "what is the most efficient use of judicial resources, what will promote uniformity of bankruptcy administration, . . . what will prevent forum shopping, and other related factors," as the Second Circuit requires. Id. at 762. Weighing these factors here, "the most efficient use of judicial resources" means that this Court should dispose of the non-bankruptcy Security Deposit

---

[4] Nitel further argues that Cerberus has answered its complaint in the bankruptcy court and has not "sought dismissal." Opp'n at 10. Because Cerberus can still move to dismiss Nitel's recently commenced action, seek a judgment on the pleadings or seek any other relief, Nitel's argument is baseless. More important, and what Nitel failed to disclose in its Opposition, is the bankruptcy court's *sua sponte* cancellation of the July 29, 2021 pre-trial conference in Nitel's action. Ex. 8. Also, resolution of these non-core, state-law claims by the bankruptcy court would be subject to *de novo* review on appeal in this Court, resulting in an unnecessary duplication of judicial effort.

6

issue. Having a bankruptcy court address this non-core issue when the bankruptcy estate has no interest in the outcome is hardly an efficient use of judicial resources.

## II. NITEL FAILS TO REBUT THE ARGUMENTS FAVORING WITHDRAWAL

Nitel misleadingly argues that Cerberus's Motion relies only on Nitel's "non-core" claims, Nitel's "forum-shopping" and Cerberus's "right to [a] jury trial." Opp'n at 6. In attempting to downplay these factors, however, Nitel omits key context showing that each weighs heavily in favor of withdrawal.

### A. Nitel's Non-Core Claims

Nitel contends that "the fact that [its] claims are non-core [is] not, standing alone, a sufficient basis to withdraw the reference." Opp'n at 7. The Second Circuit, however, has stressed that "in deciding whether to withdraw an issue from the bankruptcy court, the district court should weigh several factors, of which the first is the most important: . . . whether the claim is core or non-core . . . ." In re Burger Boys, Inc., 94 F.3d 755, 762 (2d Cir. 1996) (emphasis added) (citing Orion Pictures Corp., 4 F.3d at 1101). Thus, Nitel cannot deny that the "most important" withdrawal factor supports Cerberus' Motion. In any event, judicial economy concerns and the irrelevance of the bankruptcy case to Nitel's claims against Cerberus also support withdrawal, as explained above.

### B. Nitel's Forum Shopping

Nitel's denial of "forum-shopping" is, at the very least, unsupported factually. That it was unaware of the two-year old Getty Action before Judge Daniels strains credulity. But even if Nitel were unaware of the pending Getty Action, Nitel has offered no reason whatsoever as to why it prefers the bankruptcy court over this Court. Not only was Cerberus a defendant in the Getty Action, but this Court can easily dispose of the state law Security Deposit issue, as Judge Daniels did. Nor can Nitel credibly allege any prejudice from litigating its claim in the same

7

district as the bankruptcy court. A serious plaintiff would ordinarily prefer that a judge well-versed in non-bankruptcy issues adjudicate its claims expeditiously.

C. Cerberus's right to a jury trial

Though Nitel contends that Cerberus has not adequately established its right to a jury trial (see Opp'n at 8), it cannot deny that its claims against Cerberus are legal and that Cerberus is entitled to a jury trial. See Starr Int'l Co. v. Am Int'l Grp., 623 F. Supp. 2d 497, 501 (S.D.N.Y. 2009) (quoting Ross v. Bernhard, 396 U.S. 531, 533 (1970)) ("[I]t is settled law that conversion is 'unmistakably [an action] at law triable to a jury'"); In re CIS Corp., 172 B.R. 748, 762 (S.D.N.Y. 1994) ("It is basic law that actions for the recovery of property, even where title to the property is disputed, are actions traditionally at law affording the right to a jury trial."); LHC, LLC v. Club Sporting Consulting Grp., Nos. 14 C 9703, 14 C 10105, 2015 WL 4158703, at *3 n.1 (N.D. Ill. July 8, 2015) (citing In re Auto. Profs., Inc., 389 B.R. 621, 628 (N.D. Ill. 2008) and CDX Liquidating Tr. v. Venrock Assocs., No. 04 C 7236, 2007 WL 1673403, at *2 (N.D. Ill. June 4, 2007)) (finding that "[a] right to a jury trial exists as to the . . . conversion claims" and granting motion to withdraw reference); Telewizja Polska USA, Inc. v. Echostar Satellite Corp., No. 02 C 3293, 2005 WL 2405797, at *4 (N.D. Ill. Sep. 28, 2005) (holding that corporate plaintiff seeking money judgment from another corporation "has a right to a jury trial as to its unjust enrichment claim"). Even if Nitel's unjust enrichment claim were considered equitable, which it is not, Cerberus still would be entitled to a jury trial by virtue of its conversion claim. Curtis v. Loether, 415 U.S. 189, 196 n.11 (1974) (when a "legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact").

The cases cited by Nitel for the proposition that a jury trial right "does not mandate the immediate withdrawal of the reference" (Opp'n at 8) are distinguishable. They did not present

the same imposition on judicial resources proposed by Nitel: a third-party dispute with state law claims having no effect on the uninterested bankruptcy estate.[5] Moreover, Nitel cannot and does not distinguish the holdings in relevant cases such as In re 131 Liquidating Corp., 222 B.R. 209, 211 (S.D.N.Y. 1998) (reference withdrawn when claims were "non-core and [a] jury demand had been filed"); In re McCrory Corp., 160 B.R. 502, 506 (S.D.N.Y. 1993) (reference of non-core proceeding withdrawn; "dispute would exist independent of a bankruptcy environment"; "economically and administratively prudent" for "district judge . . . to handle" non-core matters).

## CONCLUSION

For the reasons set forth above, the Court should withdraw Nitel's adversary proceeding from the bankruptcy court under 28 U.S.C. § 157(d).

Dated: August 26, 2021
New York, New York

SCHULTE ROTH & ZABEL LLP

/s/ *Michael L. Cook*
Michael L. Cook
Andrew D. Gladstein
William H. Gussman, Jr.
919 Third Avenue
New York, New York 10022
Telephone (212) 756-2000
Facsimile (212) 593-5955

*Attorneys for Defendants Cerberus Business Finance, LLC and PEPI Capital, L.P.*

---

[5] *See In re Formica Corp.*, 305 B.R. 147, 150-51 (S.D.N.Y. Feb 5, 2004) (noting that "resolution of this action could have significant implications for the estate of the debtor" and that motion to dismiss complaint had been fully briefed and argued in bankruptcy court); *Gucci by Armstrong v. Gucci*, No. 96 Civ. 8216, 1997 WL 122838, at *1 (S.D.N.Y. Mar. 17, 1997) (noting, as to adversary proceeding brought against debtor's trustee, that the bankruptcy court already was "presiding over a related action" and that the district court "will benefit from [the bankruptcy judge's] intimate familiarity with the related proceedings"); *In re Ames Dep't Stores, Inc.*, 190 B.R. 157, 164 (S.D.N.Y. 1995) (finding that debtor's estate would be affected by resolution of adversary proceeding and that "numerous other claims" of a similar type already were pending before bankruptcy court); *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y. 1992) (debtors brought adversary proceeding against insurance companies they claimed were obligated to defend them and indemnify any potential judgment or settlement); *In re CIS Corp.*, 172 B.R. 748, 764 (S.D.N.Y. 1994) (debtor's trustee brought adversary proceeding seeking recovery of property to bankruptcy estate).