UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
NITEL, INC.,                                                   :
                                                               :
                                          Plaintiff,           :    21-CV-05996 (VEC)
                                                               :
                        -against-                              :    OPINION & ORDER
                                                               :
CERBERUS BUSINESS FINANCE, LLC, and                            :
PEPI CAPITAL, L.P.,                                            :
                                                               :
                                          Defendants.          :
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/21

VALERIE CAPRONI, United States District Judge:

On July 13, 2021, Cerberus Business Finance, LLC and PEPI Capital, L.P. moved to withdraw an adversary proceeding from the United States Bankruptcy Court for the Southern District of New York and consolidate it with another proceeding that was then pending in the United States District Court for the Southern District of New York. Not. of Mot., Dkt. 1. Plaintiff opposes the motion. *See generally* Pl. Opp., Dkt. 5. For the following reasons, the motion to withdraw the bankruptcy reference is GRANTED, and the motion to consolidate is DENIED as moot.

## BACKGROUND

Beginning in 2016, Nitel, Inc. ("Nitel") became the sublessee of office space in Chicago, Illinois. Cannizzaro Decl., Compl. ¶¶ 7, 9, Ex. 1. Dkt. 5. Nitel subleased the space from Rocket Fuel, Inc. ("Rocket Fuel"), the predecessor-in-interest to Sizmek DSP, Inc. ("Sizmek"). *Id.* For purposes of the sublease, Nitel provided Rocket Fuel $271,092.87 as a security deposit. *Id.* ¶ 10.

During the term of the sublease, Cerberus Business Finance, LLC and PEPI Capital, L.P. were secured lenders to Sizmek, which filed a petition for Chapter 11 bankruptcy on March 29,

1

2019.  Defs. Mem. at 4, Dkt. 1; Pl. Opp. at 3.  Nitel alleges that just prior to the filing of Sizmek's bankruptcy petition, Defendants swept all cash from Sizmek's accounts, including some or all of Nitel's security deposit.  Compl. ¶¶ 11–13.  On August 30, 2019, Nitel filed a request for payment in Sizmek's bankruptcy proceeding.  Cannizzaro Decl., Ex. 2, Dkt. 5.  On June 10, 2021, Nitel filed a complaint against Defendants in the bankruptcy court, asserting claims for conversion and unjust enrichment under Illinois law.  *See generally* Ex. 1, Dkt. 5.

On July 13, 2021, Cerberus moved to withdraw the bankruptcy reference and consolidate the proceeding with another pending proceeding, although it has since rescinded its request for the latter.  Not. of Mot., Dkt. 1; Defs. Reply at 1, Dkt. 13.

## DISCUSSION

### I. Legal Standard

Pursuant to 28 U.S.C § 157(d), a district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  Pursuant to the Second Circuit's holding in *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993), to determine whether cause has been shown, a district court must first determine whether the claims at issue are core or non-core under 28 U.S.C. § 157(b).  After that determination, the court must weigh the remaining *Orion* factors, including the efficient use of judicial resources, uniformity of bankruptcy administration, the parties' jury trial rights, and the prevention of forum shopping.  *Id.* at 1101.  The party seeking to withdraw the reference has the burden of proof.  *In re Lehman Bros. Holdings Inc.*, 532 B.R. 203, 211 (S.D.N.Y. 2015).

### II. The *Orion* Factors Favor Defendants

Defendants argue that this dispute is not a "core" bankruptcy proceeding; that efficiency favors withdrawal of the bankruptcy reference; that they are entitled to a jury trial; and that Nitel

was forum-shopping when it filed the adversary proceeding.  Defs. Mem. at 2–3.  The Court agrees that, on the whole, these factors support Defendants' motion to withdraw.

### A.  Nitel's Claims Are Non-Core, Which Weighs in Favor of Withdrawal

The parties agree that Nitel's claims are non-core.  *Id.* at 3; Pl. Opp. at 7.  While this alone does not necessitate withdrawing the bankruptcy reference, the Second Circuit has stressed that whether the claims are core or non-core is the most important factor for the Court to weigh.  *In re Burger Boys, Inc.*, 94 F.3d 755, 762 (2d Cir. 1996) (citation omitted).  In order to deny the motion to withdraw the reference, the remaining factors would have to weigh heavily in support of hearing this dispute in bankruptcy court.  As discussed below, the remaining factors do not weigh heavily in support of keeping this dispute in bankruptcy court.

### B.  The Interest of Judicial Efficiency Weighs in Favor of Withdrawal

Much of Defendants' efficiency argument turns on the interest of consolidating this case with another case that, at the time of filing, was pending before another judge in this District.  Defs. Mem. at 3–5.  Because that case was dismissed as to Defendants without prejudice, they have suspended that part of their motion.  Defs. Reply at 1.[1]  The Court therefore does not address the parties' arguments regarding the efficiency of consolidating these actions.

Nonetheless, judicial economy still favors withdrawal of the bankruptcy reference.  Contrary to Nitel's argument, the claims against Defendants in the adversary proceeding do not "squarely overlap" with the underlying bankruptcy case.  Pl. Opp. at 1.  Nitel is not proceeding with claims against the actual Debtor, who is not a party to the adversary proceeding.  As Defendants argue, for the bankruptcy court to address a non-core issue when the actual

---

[1]  That case has since settled.  *See Getty Images (US), Inc. v. Bronstein et al.*, No. 19-CV-9804, Dkt. 129.

"bankruptcy estate has no interest in the outcome is hardly an efficient use of judicial resources." Defs. Reply at 6–7.

### C. The Issue of Forum-Shopping Is Not Dispositive In This Case

Defendants claim that Nitel was forum-shopping when it filed an adversary proceeding in bankruptcy rather than seeking to join the other action that was proceeding in this District. *See* Defs. Mem. at 6. Because that case is no longer pending, it is no longer as relevant to the Court's analysis. It is unnecessary for the Court to wade into the issue of whether Nitel knew of the similar action that was pending in this District, because the other factors clearly weigh in favor of Defendants. *Id.*; Pl. Opp. at 6–7. Nonetheless, it bears noting that Nitel's argument that "Nitel could not have brought its claims . . . in the first instance in the District Court" because that would have resulted in automatic referral to Bankruptcy Court is incorrect. Pl. Opp. at 7. Indeed, a nearly identical case to this one was brought in the first instance in the District Court, and it was not automatically referred to the bankruptcy court. *See Getty Images (US), Inc. v. Bronstein et al.,* No. 19-CV-9804, Compl., Dkt. 1. Additionally, as Defendants note, diversity of citizenship provides the basis for this Court's subject matter jurisdiction. Defs. Reply at 3–4 (citing 28 U.S.C. § 1332(a)(1)).

### D. Defendants Are Entitled to A Jury Trial

Defendants contend that they are entitled to a jury trial on Nitel's conversion claim. *Id.* at 5–6. Nitel disagrees and counters that, even if Defendants are entitled to a jury trial, courts in this District have deferred withdrawal of the reference until the case is trial ready. Pl. Opp. at 8 (collecting cases). The Court notes that Illinois law affords a right to a jury trial for conversion claims, and, therefore, the Court need not reach the question of whether there is a jury trial right for unjust enrichment claims. *See, e.g., LHC, LLC v. Club Sporting Consulting Grp., Inc.*, No. 14-C-10105, 2015 WL 4158703, at *3 n.1 (N.D. Ill. July 8, 2015) (citations omitted). The

question whether to defer withdrawal implicates the judicial efficiency factor discussed *supra* at 3–4, and the Court is unpersuaded that efficiency is best served by maintaining a non-core proceeding in bankruptcy court until the time that the parties are ready to commence trial. But because the other factors weigh in favor of withdrawing the reference, the Court's decision does not turn on this factor.

### III.    Consolidation Is Moot

Because Defendants have suspended their request for consolidation under Federal Rule of Civil Procedure 42(a), *see* Defs. Reply at 1, the motion to consolidate is denied as moot.

### CONCLUSION

For the foregoing reasons, the motion to withdraw the bankruptcy reference is GRANTED, and the motion to consolidate is DENIED as moot. The Clerk of Court is respectfully directed to terminate the open motion at Docket Entry 1.

**SO ORDERED.**

Date:  December 3, 2021
New York, NY

　　　　　　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　　　　　　　　　　　　　　　　　　**United States District Judge**