

200 W. Madison | Suite 3500 | Chicago, IL 60606-3417

**MEMO ENDORSED**

WRITER'S DIRECT NUMBER: 312-726-6244
DIRECT FAX: 312-726-6214
EMAIL: Jason.Torf@icemiller.com

January 13, 2022

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/14/22
```

**Via ECF**

The Honorable Valerie Caproni
United States District Judge
U.S. District Court for the Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re: Joint Letter in *Nitel, Inc. v. Cerberus Business Finance, LLC and Pepi Capital, L.P.*, 21-CV-05996 (VEC)

Dear Judge Caproni:

Pursuant to the Court's Order & Notice of Initial Pretrial Conference dated December 7, 2021 (Dkt. No. 18, the "Order"), I write on behalf of plaintiff Nitel, Inc. ("Plaintiff" or "Nitel") and undersigned counsel for defendants Cerberus Business Finance, LLC ("Cerberus") and PEPI Capital, L.P. ("PEPI," and together with Cerberus, "Defendants"), who respectfully submit this joint letter providing the information requested in the Order. Enclosed herewith is the parties' Proposed Case Management Plan and Scheduling Order.

**I. A Brief Description of the Case (including the factual and legal bases for the claim(s) and defense(s))**

Plaintiff's Statement:

Debtor Sizmek DSP, Inc. ("Sizmek" or "Debtor") was a sublessor of space in Chicago, Illinois. Plaintiff Nitel was the sublessee. The Debtor was the successor-in-interest to Rocket Fuel Inc., the original lessee of the space. Pursuant to the terms of the sublease, Nitel provided Rocket Fuel a security deposit of $271,092.87, which Rocket Fuel later transferred to the Debtor. Pursuant to the terms of the sublease and applicable Illinois law, the Debtor was required to hold the security deposit for Nitel's benefit during the term of the sublease. Instead of keeping the security deposit in a segregated account, the Debtor comingled it with other funds.

Defendants Cerberus and PEPI are secured lenders of the Debtor, with Cerberus acting as administrative agent and collateral agent under the parties' financing agreement. Just prior to the filing of the Debtor's bankruptcy petition, the Defendants swept the Debtor's deposit accounts. Plaintiff alleges that some or all of the security deposit was transferred to the Defendants as a

January 13, 2022
Page 2

result. Plaintiff further alleges that, at the time of the sweep, the Defendants knew or had reason to know that the Debtor was holding the security deposit. Plaintiff asserts that Defendants converted the security deposit, or in the alternative, that Defendants were unjustly enriched by the transfer.

<u>Defendant's Statement:</u>

Cerberus and Pepi were senior secured lenders to Sizmek under a First Lien Financing Agreement. Pursuant to that agreement, Sizmek was provided with a term loan and revolving loan facility, in exchange for which Cerberus and Pepi received rights to Sizmek's collateral, including its cash and bank accounts. Cerberus and Pepi assert that, in the event of default under the terms of the First Lien Financing Agreement, Cerberus and Pepi held the right to sweep the assets in the subject accounts, which right they exercised after a default by Sizmek occurred in March 2019.

It is Cerberus and Pepi's position that Nitel now seeks to hold Cerbreus and Pepi, Sizmek's secured lenders, liable for Sizmek's failure to return Nitel's security deposit, even though Cerberus and Pepi were not parties to the sublease between Sizmek and Nitel and owed no duties on account of that sublease of any kind. Indeed, in a similar action (the "Getty Action"), Judge Daniels dismissed claims against Cerberus arising out of a separate sublease between Sizmek and another subleasee, Getty, where it was alleged that Cerberus had knowledge of Getty's sublease at the time Sizmek's accounts were swept.

## II.   Any Contemplated Motions

Plaintiff anticipates filing a motion for leave to amend the complaint to add additional defendants. Plaintiff will likely also file a dispositive motion at the close of discovery.

Cerberus and Pepi anticipate filing a motion for judgment on the pleadings, or if an amended complaint is filed, a motion to dismiss the amended complaint.

## III.   Discovery

The parties agree that discovery shall be completed within 120 days of the entry of the scheduling order, subject to the following.

Cerberus and Pepi have agreed to produce to Plaintiff the same discovery that was produced in the Getty Action, which includes the reports that form the basis of Plaintiff's allegation that Cerberus had knowledge of its sublease when Sizmek's accounts were swept. Cerberus requests that all other discovery pending resolution of its forthcoming dispositive motion should be stayed, particularly in light of the fact that Judge Daniels has already dismissed Cerberus on similar claims in a similar matter. Plaintiff does not believe a stay of discovery is appropriate or permitted by the rules and oppose Defendants' request for a stay.

## IV.   Basis for Subject Matter Jurisdiction

The parties agree that this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

4868-3127-9112.7

January 13, 2022
Page 3

### V.     Prospect for Settlement

The parties have not yet engaged in any settlement discussions.  Plaintiff believes that participation in the District's Mediation Program would be beneficial and request that the Court order mediation after the deadline to file amended complaints.  Cerberus maintains that it has no liability to Plaintiff under the terms of a sublease that it was not a party to and therefore opposes mediation prior to the resolution of dispositive motions.

### VI.    A Rule 16 Conference Is Necessary

The parties believe a Rule 16 Conference is necessary to resolve at a minimum the discovery stay issue.  Cerberus and Pepi believe, for purposes of judicial efficiency, that any Rule 16 Conference should be held only *after* the amended complaint is filed.  Plaintiff asserts that it would be appropriate to conduct the Rule 16 Conference prior to the entry of the Scheduling Order so that the Court may address the disputes identified in this letter.  If the Court orders a Rule 16 Conference, Plaintiff would request that such conference take place by telephone.

January 13, 2022
Page 4

Respectfully Submitted,

Ice Miller LLP

*/s/ Jason M. Torf*
Jason M Torf
200 W Madison Street, Suite 3500
Chicago, IL 60606
Tel.: (312) 726-6244
Fax: (312) 726-6214
Email: jason.torf@icemiller.com

John Cannizzaro
250 West Street, Suite 700
Columbus, OH 43215
Tel.: (614) 462-1070
Fax: (614) 232-6923
Email: john.cannizzaro@icemiller.com

Simone Park
1500 Broadway, Suite 2900
New York, NY 10036
Tel.: (212) 835-6302
Fax.: (212) 835-6303
Email: Simone.Park@icemiller.com

*Attorneys for Plaintiff*

Encl.

Schulte Roth & Zabel LLP

*/s/ Michael L. Cook*
Michael L. Cook
Andrew D. Gladstein
919 Third Avenue
New York, NY 10022
Tel.: (212) 756-2150
Fax: (212)-596-5955
Email: michael.cook@srz.com
          andrew.gladstein@srz.com

*Attorneys for Defendants*

---

The Initial Pre-Trial Conference currently scheduled for Friday, January 21, 2022, at 3:00 p.m. is hereby RESCHEDULED for Friday, **January 21, 2022, at 1:30 p.m.** The parties should dial-in as instructed in the Court's order at Docket 18.
SO ORDERED.

*[signature]*   1/14/22

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

4868-3127-9112.7