**Ice Miller**
LEGAL COUNSEL

Arena District | 250 West Street | Suite 700 | Columbus, OH 43215-7509

Chicago  Columbus  DuPage County, Ill.
Indianapolis  New York  Philadelphia  Washington, D.C.

**MEMO ENDORSED**

February 23, 2022

WRITER'S DIRECT NUMBER: 614-462-1070
DIRECT FAX: 614-232-6923
EMAIL: JOHN.CANNIZZARO@ICEMILLER.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/22

<u>Via ECF</u>
The Honorable Valerie Caproni
United States District Judge
U.S. District Court for the Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re:   Letter Request Regarding ECF Nos. 29–43 in *10FN, Inc. v. Cerberus Business Finance, LLC et al.*, 21-CV-05996 (VEC)

Dear Judge Caproni:

The undersigned firm represents plaintiff 10FN, Inc., as assignee of Network Innovations d/b/a Nitel, Inc. ("Plaintiff" or "10FN"), and respectfully submits this letter seeking an order or other appropriate entry clarifying Plaintiff's obligations under the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure with respect to service of summons on the newly added defendants named in Plaintiff's Amended Complaint.

Plaintiff originally commenced this case in the United States Bankruptcy Court for the Southern District of New York, NYSB Adversary Proceeding No. 21-1160. This Court subsequently withdrew the reference from the Bankruptcy Court. On January 21, 2022, the Court entered an order setting certain deadlines, including a deadline to amend the Complaint. *See* Dkt. No. 27. On February 18, 2022, Plaintiff timely filed its Amended Complaint (Dkt. No. 28), which added claims against four new defendants: Ken Saunders, Andrew Bronstein, Sascha Wittler, and Mark Grether.

Because the Amended Complaint invokes "related-to" jurisdiction under 28 U.S.C. § 1334, the Federal Rules of Bankruptcy Procedure apply in this case, notwithstanding the fact that it is now pending in the District Court as opposed to the Bankruptcy Court.[1] Consequently, the response times for the new defendants are different than they ordinarily would be in an action filed in the District Court. Specifically, Rule 12 of the Federal Rules of Civil Procedure requires

---

[1] Federal district courts must apply the Federal Rules of Bankruptcy Procedure in non-core related-to matters that come before the district court in a pending bankruptcy proceeding. *See Roy v. Canadian Pacific Railway Co. (In re Lac-Mégantic Train Derailment Litig.)*, 999 F.3d 72, 77-79 (1st Cir. 2021); *Owens-Ilinos, Inc. v. Rapid American Corp. (In re Celotex Corp.)*, 124 F.3d 619, 629 (4th Cir. 1997) (determining that "[t]he entire body of Bankruptcy Rules ... applies to" cases in the district court based on related-to jurisdiction); *Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1238 (3d Cir. 1994) (finding that the "Bankruptcy Rules govern non-core, 'related to' proceedings before a district court").

February 23, 2022
Page 2

defendants to respond "within 21 days after being served with the summons and complaint," whereas Rule 7012(b) of the Federal Rules of Bankruptcy Procedure requires defendants to respond "within 30 days after the insurance of the summons, except when a different time is prescribed by the court."

On February 21, 2022, Plaintiff filed its Requests for Issuance of Summons as to the new defendants. Dkt. Nos. 29–35. The CM/ECF system explicitly instructs filers to use the form summons on the District Court's website, which is Official Form AO 440 (Summons in a Civil Action). Plaintiff therefore submitted a completed copy of Official Form AO 440 for each new defendant at each address Plaintiff intends to serve, which the Clerk's office has now issued. Dkt. Nos. 37–43.

Because Official Form AO 440 states that defendants have 21 days after service of the summons to answer or otherwise move under Rule 12 of the Federal Rules of Civil Procedure, as opposed to the deadline set by the Federal Rules of Bankruptcy Procedure, counsel for Plaintiff contacted the Clerk's office to ask how to proceed. Specifically, counsel asked if the Clerk could include a notation on Official Form AO 440 that the response deadline is different under the Federal Rules of Bankruptcy Procedure, or alternatively, if Plaintiff's counsel could submit Official Form B2500A, which is a summons promulgated by the Administrative Office of the United States Court with bankruptcy specific response deadlines. The Clerk's office indicated that it could only issue Official Form AO 440, and that it would need instructions from chambers to deviate from its standard practice. The Clerk's office advised the undersigned to contact chambers for further instruction, and chambers advised the undersigned to file this letter.

Plaintiff seeks an order or other entry by the Court permitting Plaintiff to serve the summonses issued by the Clerk's office and Dkt. Nos. 37–43. Specifically, Plaintiff requests that the Court enter an order or entry that (1) deems the summonses issued by the Clerk's office sufficient for purposes of obtaining service of process under the Federal Rules of Bankruptcy Procedure notwithstanding the fact that they contain deadlines applicable to cases governed by the Federal Rules of Civil Procedure and (2) providing that the new defendants shall have 30 days from the issuance of the summonses to respond to the Amended Complaint, notwithstanding the language contained in the summonses.

Late yesterday, Plaintiff advised counsel for original defendants Cerberus Business Finance, LLC and Pepi Capital, L.P. and counsel for new defendant Andrew Bronstein of this letter and the relief requested. Counsel for Mr. Bronstein responded that he has no objection to same. Counsel for the original defendants did not respond as of the filing of this letter. Plaintiff has not had communication with counsel for any of the other defendants.

Plaintiff submits that the new defendants will not be prejudiced by this request and makes this request in good faith and without delay or for any improper purpose.

For the foregoing reasons, Plaintiff respectfully requests the Court to enter an order or other entry that permits Plaintiff to serve the summonses issued by the Clerk and the new defendants to respond in the time permitted by the Federal Rules of Bankruptcy Procedure. Plaintiff is ready to serve a copy of this letter and any order, if appropriate, should the Court direct such action.

February 23, 2022
Page 3

Respectfully Submitted,

*/s/ John C. Cannizzaro*
John C. Cannizzaro (admitted *pro hac vice*)
250 West Street, Suite 700
Columbus, OH 43215
Tel.: (614) 462-1070
Fax: (614) 232-6923
Email: John.Cannizzaro@icemiller.com

Cc: All counsel of record (via ECF)

---

Application GRANTED. Defendants shall have 30 days from the issuance of the summonses to respond to the Amended Complaint. Plaintiff is directed to serve this order alongside the summonses on Defendants and note proof of service on the docket.

SO ORDERED.

2/23/22

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE