**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
(212) 216-8081
David H. Wander, Esq. (dwander@tarterkrinsky.com)
Alexander R. Tiktin, Esq. (atiktin@tarterkrinsky.com)
*Attorneys for Defendant Sascha Wittler*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SIZMEK INC., *et al*,<br><br>Debtors. | Bankr. Case No. 19-10971 (DSJ)<br><br>Chapter 7<br><br>(Jointly Administered) |
| 10FN, INC.<br><br>Plaintiff,<br><br>v.<br><br>CERBERUS BUSINESS FINANCE, LLC,<br>PEPI CAPITAL, L.P.,<br>KEN SAUNDERS,<br>ANDREW BRONSTEIN,<br>SASCHA WITTLER, and<br>MARK GRETHER,<br><br>Defendants. | Adv. No. 21-01160 (DSJ)<br><br>District Court Case No.<br>1:21-cv-05996-VEC<br><br>**ANSWER WITH CROSSCLAIMS** |

Defendant, Sascha Wittler, by his attorneys, submits the following answer with crossclaims to Plaintiff's complaint (**"Complaint"**):

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "1", except admits that Plaintiff is a Delaware corporation, and refers the Court to such document referenced therein for its content and meaning.

2. Admits the allegations in paragraph "2".

1

3. Admits the allegations in paragraph "3".

4. Admits the allegations in paragraph "4".

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5", except admits that Saunders is a natural person who served as an officer of Sizmek, Inc. And affiliates.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6", except admits that Bronstein is a natural person who served as an officer of Sizmek, Inc. And affiliates.

7. Denies the allegations in paragraph "7", except admits that Wittler is a natural person.

8. Denies the allegations in paragraph "8" except admits Grether is a natural person who served as the President of Sizmek DSP, Inc.

9. The allegations in paragraph "9" state a legal conclusion to which no response is required.

10. The allegations in paragraph "10" state a legal conclusion to which no response is required or, otherwise, a response is not required because Bankruptcy Rule 7008 is inapplicable.

11. The allegations in paragraph "11" set forth a legal conclusion to which no response is required.

12. Denies the allegations in paragraph "12", except admits that Nitel was a sublessee of Suite 1300 of 350 North Orleans Street, Chicago, Illinois, and refers the Court to the document referenced therein for its authenticity, content and meaning.

13. Regarding the allegations in paragraph "13", refers the Court to the document referenced therein for its content and meaning.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" and refers the court to the document referenced therein for its authenticity, content, and meaning.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" and refers the Court to the documents referenced therein for their content and meaning.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" and, to the extent it sets forth a legal conclusion, no response is required.

17. Admit the allegations in the first sentence of paragraph "17".

18. Admit the allegations in paragraph "18".

19. Admits the allegations in paragraph "19".

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20".

21. The allegations set forth in paragraph "21" set forth a legal conclusion to which no response is required, and to the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21".

22. Admits the allegations in the first sentence of paragraph "22". Denies knowledge or information sufficient to form a belief regarding the allegations in the second, third, and fourth sentences, except admits that Alvarez & Marsal had access to the books and records of Sizmek Inc. and affiliates.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23", except admits that, beginning in or around February 2019, the

Secured Lenders commenced a diligence process of the business of Debtor and its affiliates, meeting with key personnel of the Debtor and its affiliates.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24".

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25".

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26".

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27".

28. Denies the allegations in paragraph "28".

29. Denies the allegations in paragraph "29".

30. The allegations in paragraph "30" set forth a legal conclusion to which no response is required.

31. The allegations in paragraph "31" set forth a legal conclusion to which no response is required.

32. The allegations in paragraph "32" do not require any response.

33. The allegations in paragraph "33" set forth a legal conclusion to which no response is required.

34. The allegations in paragraph "34" set forth a legal conclusion to which no response is required and, otherwise, Defendant refers the Court to the document referenced therein for its content and meaning.

35. The allegations in paragraph "35" set forth a legal conclusion to which no response

is required and, additionally, Defendant refers the Court to the document referenced therein for its content and meaning.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36".

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph "37"; refers the Court to the document referenced in the second sentence for its content and meaning; admit the allegations in the third sentence.

38. The allegations in paragraph "38" set forth a legal conclusion to which no response is required.

39. The allegations in paragraph "39" set forth a legal conclusion to which no response is required.

40. The allegations in paragraph "40" do not require any response.

41. The allegations in paragraph "41" set forth a legal conclusion to which no response is required

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "42" and, to the extent such allegations set forth a legal conclusion, no response is required.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "43" and, to the extent such allegations set forth a legal conclusion, no response is required.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "44" and, to the extent such allegations set forth a legal conclusion, no response is required.

45. The allegations set forth paragraph "45" set forth a legal conclusion to which no response is required.

46. The allegations in paragraph "46" do not require any response.

47. The allegations in paragraph "47" set forth a legal conclusion to which no response is required.

48. The allegations in paragraph "48" set forth a legal conclusion to which no response is required and, additionally, Defendant refers the Court to the document referenced therein for its content and meaning.

49. Denies the allegations in paragraph "49".

50. Denies the allegations in paragraph "50".

51. The allegations in paragraph "51" set forth a legal conclusion to which no response is required.

52. Denies the allegations in paragraph "52".

53. Denies the allegations in paragraph "53".

54. The allegations in paragraph "54" set forth a legal conclusion to which no response is required.

55. Denies the allegations in paragraph "55".

56. Denies the allegations in paragraph "56".

57. The allegations in paragraph "57" set forth a legal conclusion to which no response is required.

58. Denies the allegations in paragraph "58".

59. Denies the allegations in paragraph "59".

60. Denies the allegations in paragraph "60".

61. The allegations in paragraph "61" do not require any response.

62. The allegations in the first sentence of paragraph "62" set forth a legal conclusion to which no response is required. Denies the allegations in the second sentence.

63. Denies the allegations in paragraph "63".

64. Denies the allegations in paragraph "64".

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "65".

66. Denies the allegations in paragraph "66".

## FIRST AFFIRMATIVE DEFENSE

67. The Complaint fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

68. Plaintiff lacks standing to maintain this action.

## THIRD AFFIRMATIVE DEFENSE

69. Any damages suffered by Plaintiff are the result of its own actions or inactions.

## FOURTH AFFIRMATIVE DEFENSE

70. Defendant's alleged negligence was not a proximate cause of the damages that Plaintiff alleges to have suffered.

## FIFTH AFFIRMATIVE DEFENSE

71. Defendant did not engage in any misconduct constituting the breach of any alleged fiduciary duties owed to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

72. Plaintiff contributed to its own alleged loss by failing to monitor its purported trust fund property.

### SEVENTH AFFIRMATIVE DEFENSE

73. Plaintiff's damages or losses, if any, were caused by the actions or inactions of parties other than Defendant. To the extent Plaintiff did suffer damages or losses, these damages or losses are attributable to intervening or superseding causes and are not recoverable in connection with the claims asserted in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

74. Plaintiff failed to join parties needed for a just determination of this dispute, namely, Sizmek's parent companies.

### FIRST CROSSCLAIM AGAINST CERBERUS
### [Indemnity]

75. Crossclaimant Sascha Wittler (**"Wittler"**) is an individual who resides in the State of New York. Beginning shortly prior to the filing of a chapter 11 petition by Sizmek, Inc. (**"Sizmek"**) and various affiliates, I was Sizmek's Chief Financial Officer.

76. Cross-defendant Cerberus Business Finance, LLC (**"Cerberus"**) is a Delaware limited liability company headquartered in New York, New York.

77. Cross-defendant PEPI Capital (**"PEPI"**) is a Delaware limited partnership headquartered in Dallas, Texas.

78. This crossclaim arises out of the occurrences that are the subject matter of Plaintiff's complaint.

79. This Court has jurisdiction to hear this crossclaim under 28 U.S.C. §§ 157 and 1334.

80. Venue is proper in this Court under 28 U.S.C. § 1409.

81. Pursuant to a certain financing agreement dated September 6, 2017 (the **"2017 Refinancing"**) by and between Cerberus and PEPI (together **"Lenders"**), as lenders, and Sizmek as borrower, and Cerberus as Administrative Agent, the Lenders provided a term loan and

revolving loan facility to Sizmek.

82. As part of the 2017 Refinancing, Cerberus entered into certain account control agreements with Sizmek that authorized Cerberus to control and sweep Sizmek's accounts after a default by Sizmek under the 2017 Refinancing.

83. On or about March 25, 2019, Cerberus exercised certain remedies that blocked Sizmek's access to its cash management account and which gave Cerberus possession and control of such funds (the **"Swept Funds"**).

84. Upon information and belief, the Swept Funds included funds representing a security deposit given by Plaintiff, as sublessee, in the amount of $271,092.87 (the **"Nitel Security Deposit"**).

85. Upon information and belief, Cerberus induced Sizmek to comingle the funds represented by the Nitel Security Deposits with Sizmek's regular operating funds.

86. Accordingly, Cerberus should indemnify Wittler in the event Plaintiff obtains a judgment against Wittler relating to the Nitel Security deposit.

## SECOND CROSSCLAIM AGAINST CERBERUS
### [Contribution]

87. Cross-claimant repeats and realleges each and every allegation set forth above in paragraphs "75" through "86" as if fully set forth herein.

88. If Plaintiff obtains a judgment against Wittler, Wittler is entitled to contribution from Cerberus and an apportionment of fault and responsibility for all or part of any such judgment which shall be attributable to the acts or omissions of Cerberus.

## RESERVATION OF RIGHTS

Defendant reserves his rights to amend this Answer, including the assertion of additional affirmative defenses and additional crossclaims.

**WHEREFORE,** Defendant Sascha Wittler respectfully requests that the Court:

A. Grant judgment dismissing the Complaint;

B. On the First Crossclaim, grant judgment in favor of Wittler awarding full and complete indemnification by Cerberus for any judgment rendered against Wittler in favor of Plaintiff;

C. On the Second Crossclaim, grant judgment in favor of Wittler over and against Cerberus for all or that portion of any judgment which may be obtained by Plaintiff to the extent that the responsibility of Cerberus contributed thereto;

D. Award Wittler cost and attorney's fees of defending this action, along with costs and attorneys' fees relating to it crossclaims; and

E. Award Wittler such other relief this Court may deem just and proper.

Dated: New York, New York
April 7, 2022

TARTER KRINSKY & DROGIN LLP

By: /s/ David H. Wander
David H. Wander, Esq.
Alexander R. Tiktin, Esq.
1350 Broadway
New York, New York 10018
212.216.8000
dwander@tarterkrinsky.com
atiktin@tarterkrinsky.com
*Attorneys for Defendant Sascha Wittler*